USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 5/9/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

REGINALD HOLMES, :

        Plaintiff, :

        -against- :

WILLIAM FRAISER, COMMISSIONER OF N.Y.C.D. :
OF CORRECTIONS; LEROY GRANT, WARDEN OF
C.P.S.U. OF OTIS BANTUM C.C.; DEP. OF :
SECURITY OF BEACON FACILITY; DEP. OF
SECURITY OF C.P.S.U. OF O.B.C.C.; CAPTAIN :
MCGRUFF; UNKNOWN MEDICAL STAFF OF
C.P.S.U. OF O.B.C.C., :

        Defendants. :

------------------------------------- x

07 Civ. 6044 (LAK) (AJP)

RULE 16 INITIAL PRETRIAL
CONFERENCE ORDER

**ANDREW J. PECK, United States Magistrate Judge:**

Pursuant to Rule 16, Fed. R. Civ. P., IT IS HEREBY ORDERED THAT:

1. All fact and expert discovery must be completed by July 31, 2008. Expert reports must be served by July 1, 2008. Defendants' Local Rule 33.2 discovery responses are due May 30, 2008. Defense counsel shall promptly provide plaintiff with a service address for retired Warden Grant (either that City DOCS will accept service or Grant's present address) and identification of the defendants identified in the caption only by their title or last name. When plaintiff receives that information, he should amend his complaint to name those

defendants and he will then receive an Amended Summons, etc., from the Pro Se Office to be sent to the Marshals for service.

2. Each party will notify this Court by August 4, 2008 as to whether it intends to move for summary judgment. Summary judgment motions must be filed by August 22, 2008, and must comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and my chamber rules.

3. The parties are to submit a joint proposed pretrial order, in conformance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the chamber rules of the District Judge to whom this case is assigned, by August 22, 2008 if neither party is moving for summary judgment, or 30 days after decision on the summary judgment motion. The case will be considered trial ready on 24-hours notice after the pretrial order has been submitted.

4. A status conference will be held before the undersigned on June 4, 2008 at 9:30 a.m. in Courtroom 20D (500 Pearl Street). Defense counsel is to arrange for the prison to call in to 212-805-0036 for the conference.

5. The parties are directed to follow the "Individual Practices of Magistrate Judge Andrew J. Peck," a copy of which is enclosed.

\* \* \*

Plaintiff, Reginald Holmes, appearing pro se and in forma pauperis, has applied for the appointment of counsel. In light of the decisions of the Second Circuit in Cooper v.

3

Sargenti Co., 877 F.2d 170 (2d Cir. 1989), and Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986), the Court denies plaintiff's application at this time.

The threshold question in determining whether or not to assign counsel to an indigent party is whether his/her claim is "likely to be of substance." Cooper, 877 F.2d at 172; Hodge, 802 F.2d at 61. Hodge articulates those factors to be considered with respect to whether or not counsel should be appointed once a claim is found likely to be of substance: "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." Hodge, 802 F.2d at 61-62; accord, Cooper, 877 F.2d at 172. The "plaintiff's ability to obtain representation independently" is another factor to be considered. Cooper, 877 F.2d at 172. Plaintiff does not appear to have made any efforts to obtain counsel on his own.

As the Second Circuit has reminded the district courts, volunteer lawyer time is a scarcity that should be carefully meted out. In Cooper, the Second Circuit emphasized this scarcity, and admonished district courts to take seriously the threshold requirement that the claim be "likely to be of substance." Cooper, 877 F.2d at 172. The Second Circuit went on to instruct that district "courts should not grant such applications indiscriminately." Id.; see also Hodge, 802 F.2d at 60.

4

Appointment of counsel may not be warranted if the plaintiff's chances of success with his complaint are slight. Cooper, 877 F.2d at 172; Hodge, 802 F.2d at 60. It is difficult to determine plaintiff's chances of success at this time.

A more fully developed record is necessary before the Court can determine if plaintiff's chances of success warrant the appointment of counsel. Therefore, plaintiff's application is denied without prejudice to its renewal, during or after discovery, when the record is more fully developed.

SO ORDERED.

DATED: New York, New York
May 9, 2008

Andrew J. Peck
United States Magistrate Judge

Copies to: Reginald Holmes (Mail)
Morgan D. Kunz, Esq. (Fax)
Judge Lewis A. Kaplan

C:\ORD\16RULES